IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00347–WJM–KMT

DAMON E. GALE,

    Plaintiff,

v.

DENVER POLICE OFFICER ROBB JACOB, P04021,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 15 [Mot.], filed April 28, 2015). Plaintiff did not file a response.

### STATEMENT OF THE CASE

    Plaintiff, proceeding *pro se*, alleges on January 16, 2014, he and his friends were approached by Defendant "[without] probable cause." (Doc. No. 1 [Compl.] at 2, filed Feb. 18, 2016.) Plaintiff alleges Defendant asked him what he was doing, asked if he was doing anything illegal, and then searched Plaintiff's pants pocket, where Defendant "found a rock from the ground" and "claimed it looked like crack [cocaine]." (*Id.* at 3.) Plaintiff states Defendant "did not conduct a field test for a lawful arrest before taking [him] into physical custody." (*Id.*) Plaintiff states that there were no charges filed against him and that he was released from custody

on January 22, 2014. (*Id.* at 5.) Plaintiff alleges claims for unreasonable search and seizure, "illegal harassment," and wrongful imprisonment. (*Id.* at 3–5.)

Defendant moves to dismiss Plaintiff's Complaint in its entirety. (Mot.)

## STANDARDS OF REVIEW

### A.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### A. *Unreasonable Search and Seizure*

The Fourth Amendment to the Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV.  To state a claim under the Fourth Amendment, a plaintiff must establish that a seizure occurred and that the seizure was unreasonable." *Childress v. City of Arapaho*, 210 F.3d 1154, 1156 (10th Cir. 2000) (internal quotation marks omitted).  There are three types of police/citizen encounters, which the Tenth Circuit has explained as follows:

> Consensual encounters are not seizures within the meaning of the Fourth Amendment, and need not be supported by suspicion of criminal wrongdoing. *See Florida v. Royer*, 460 U.S. 491, 497–98 (1983).  An officer is free to approach people and ask questions without violating the Fourth Amendment. *Id.* However, the person approached under these circumstances is free to refuse to answer questions and to end the encounter. *Id.* On the opposite extreme are arrests, which are "characterized by highly intrusive or lengthy search or detention." *[United States v.] Cooper*, 733 F.2d [1360, 1363 (10th Cir.1984)].  An officer may make an arrest without a warrant if the officer has probable cause to believe a crime has been committed by the arrestee. *See Romero* [*v. Fay*, 45

4

> F.3d 1472, 1476 (10th Cir.1995)]. "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* (quotation marks and citations omitted).
>
> An investigative detention, which is also referred to as a *Terry* stop, is a seizure within the meaning of the Fourth Amendment, but unlike an arrest, it need not be supported by probable cause. *See United States v. Espinosa*, 782 F.2d 888, 890 (10th Cir. 1986) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). "[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 30). Based on the totality of the circumstances, the detaining officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18 (1981). When the officer has stopped a person based on reasonable suspicion of criminal activity, the officer may briefly detain the individual "in order to determine his identity or to maintain the status quo momentarily while obtaining more information." *Adams v. Williams*, 407 U.S. 143, 146 (1972).

*Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000). Defendant argues that Plaintiff has failed to state a Fourth Amendment claim for violation of any of the three encounters. (Mot. at 7–10.)

First, Defendant argues Plaintiff has not alleged sufficient facts to show a Fourth Amendment violation during Defendant's initial encounter with Plaintiff. (Mot. at 7–8.) Plaintiff alleges Defendant approached him, asked him what he was doing, and Plaintiff replied. (Compl. at 3.) However, "[a]n officer is free to approach people and ask questions without violating the Fourth Amendment." *Oliver*, 209 F.3d at 1186 (citing *Royer*, 460 U.S. at 497–98). Thus, the court agrees that Plaintiff has not stated a Fourth Amendment claim related to the initial encounter.

Second, Defendant argues Plaintiff has not alleged sufficient facts to show Defendant violated Plaintiff's Fourth Amendment rights by searching Plaintiff's pocket. (Mot. at 8.) In his Complaint, Plaintiff alleges Defendant asked him and his friends if they had "anything illegal on [their] persons/possession," and Plaintiff "replied no." (Compl. at 3.) Plaintiff alleges Defendant then searched Plaintiff's pants pocket and "found a rock from the ground" that Defendant believed "looked like crack [cocaine]." (*Id.*) From the facts alleged in the Complaint, there is no indication Defendant had a "reasonable, articulable suspicion" that Plaintiff was or was about to be "engaged in criminal activity" when Defendant searched Plaintiff's pocket. It is clear from the facts alleged in the Complaint that Plaintiff denied doing anything illegal. Moreover, Plaintiff does not state that he voluntarily allowed Defendant to search his pocket.[1] Based on the Complaint, reasonable suspicion to detain and search the Plaintiff was not shown.

Thus, Plaintiff because has stated a claim for a Fourth Amendment unreasonable search, Defendant's motion to dismiss this claim should be denied.

### B.     *Fourth Amendment Unlawful Arrest/False Imprisonment*

To maintain a claim for unlawful warrantless arrest, Plaintiff must demonstrate that his Fourth Amendment right to be free from unreasonable search and seizure has been violated. *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). Moreover, a plaintiff imprisoned without legal process has a claim under the Fourth Amendment similar to a tort claim for false arrest or false imprisonment. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

---

[1] When an individual consents to a police search, and the consent is "freely and voluntarily given," the search does not implicate the Fourth Amendment. *United States v. Peña*, 143 F.3d 1363, 1366 (10th Cir.1998) (quoting *Schneckloth v. Bustamonte*, 412 U.S. at 219 (1973)).

Because this court has determined Plaintiff has stated a claim for unreasonable search and seizure, it cannot determine, at this stage, that Plaintiff failed to state a claim for unlawful arrest and/or false imprisonment. Defendant's motion in this respect should be denied.

*C.      Harassment*

To the extent Plaintiff asserts a claim for "harassment" (Compl. at 4), there are no independently recognized state law civil claims for "harassment." Colorado law provides proscriptions for harassment in the form of the criminal statutes "Harassment—stalking," Colo. Rev. Stat. § 18-9-111, and "Bias-motivated crimes," Colo. Rev. Stat. § 18-9-121. Because these criminal statutes do not expressly provide a private cause of action, he does not have standing to bring claims under criminal statutes. *See generally, Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("private citizens generally have no standing to institute criminal proceedings"). Plaintiff has not sufficiently alleged a plausible claim for "harassment."

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 15) be GRANTED in part and DENIED in part. Plaintiff's claim for harassment should be dismissed. The motion should be denied in all other respects.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-*

*Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge