**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0347-WJM-KMT

DAMON E. GALE,

      Plaintiff,

v.

JACOB ROBB, Denver Police Officer

      Defendant.

---

**ORDER ADOPTING FEBRUARY 5, 2016 RECOMMENDATION OF MAGISTRATE
JUDGE AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

---

      This matter is before the Court on United States Magistrate Judge Kathleen M. Tafoya's Recommendation dated February 5, 2016 ("Recommendation") (ECF No. 29), which recommends granting in part and denying in part Defendant's Motion to Dismiss (ECF No. 15).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Defendant "Robb Jacob," whose real name is Jacob Robb ("Robb"), filed a timely Objection to the Recommendation on February 19, 2016 ("Objection") (ECF No. 31).  For the reasons set forth below, Robb's Objection is overruled, the Recommendation is adopted, the Motion to Dismiss is granted in part and denied in part .

## I.  STANDARD OF REVIEW

      When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  An objection to a recommendation is properly made if it is both timely and

specific.  *United States v. One Parcel of Real Prop. Known as 2121 East 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the

district judge to focus attention on those issues—factual and legal—that are at the heart

of the parties' dispute."  *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In

conducting its review, "[t]he district court judge may accept, reject, or modify the

recommendation; receive further evidence; or return the matter to the magistrate judge

with instructions."  *Id.*

## II.  BACKGROUND

Plaintiff Damon Gale ("Gale") claims that he and some friends were standing

outside, not committing any crime, on January 16, 2014.  (ECF No. 1 at 2.)  Robb, a

Denver Police Officer, approached them and, according to Gayle's handwritten

Complaint,

> ask[ed] what myself [and] other friends were doing[.]
> [Someone] replied, "Just associating."  He then ask[ed] [if]
> we ha[d] anything illegal on our persons/possession.  (I
> replied, "No.")  He went through my pants pocket and found
> a rock from the ground.  He claimed it looked like (crack).
> [Robb] did not conduct a field test for a lawful arrest before
> taking me into physical custody (jail) on 1-16-2014. . . .
> [Robb] arrested (me) w/o sufficient probable cause . . . .
> There were no charges filed; case closed on 1-22-14.  This
> is how long I stayed in jail . . . .

(*Id.* at 3–5 (capitalization and punctuation supplied for ease of reading).)  Based on this

incident, Gale sues Robb for Fourth Amendment violations (unreasonable search and

seizure) and "illegal harassment."  (*Id.*)

2

## III.  ANALYSIS

In response to Robb's Motion to Dismiss (ECF No. 15), the Magistrate Judge ruled that there was no cause of action for "illegal harassment."  (*See* ECF No. 29 at 7.) The Magistrate Judge therefore recommended dismissing that claim.  Neither Gale nor Robb has objected to this recommendation.  Because there is no clear error on the face of it, the Court adopts it.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

As for Robb's challenge to Gale's Fourth Amendment claims, the Magistrate Judge ruled that Gale has sufficiently pleaded a cause of action.  (ECF No. 29 at 5–7.) Robb focuses his objection on that ruling.  Robb argues that a Fourth Amendment claim cannot be properly pleaded without allegations negating the potential lawful justifications for a warrantless search and/or arrest, *i.e.*, consent, a *Terry* stop-and-frisk (*see Terry v. Ohio*, 392 U.S. 1 (1968)), or objective probable cause.  (ECF No. 31 at 5 (citing *Sanchez v. Bauer*, 2015 WL 5026195, at *4 (D. Colo. Aug. 26, 2015)).)

The Court need not resolve whether Robb correctly states the pleading requirements for a Fourth Amendment claim.  Although a close question, the Court agrees with the Magistrate Judge that lack of a lawful justification to search Gale's pockets may be inferred from Gale's allegations as pleaded.  (ECF No. 29 at 6.)  And if

3

Robb lacked a lawful justification to search Gale's pockets, then Robb lacked a lawful justification to arrest Gale based on the results of that search. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963) ("The exclusionary prohibition extends as well to the indirect as the direct products of [unlawful searches]."). Robb's objection is therefore overruled.

## IV.  POTENTIAL AVAILABILITY OF AN ATTORNEY TO REPRESENT GALE

This Court has instituted a program through which attorneys in the community have agreed to represent *pro se* litigants (such as Gale) without expectation of payment ("*Pro Bono* Panel"). Before referring any case to the *Pro Bono* Panel, however, the Court must consider all of the following:

> (i) the nature and complexity of the action;
>
> (ii) the potential merit of the *pro se* party's claims;
>
> (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
>
> (iv) the degree to which the interests of justice, including the benefit to the Court, will be served by appointment of counsel.

D.C.COLO.LAttyR 15(f)(1)(B).

Having considered these factors, the Court cannot at this time determine the appropriateness of appointing an attorney from the *Pro Bono* Panel to represent Gale. In particular, Gale's complaint does not contain enough details to evaluate its potential merit. However, if Gale wishes the Court to reconsider the appropriateness of such an appointment, Gale is granted permission under Federal Rule of Civil Procedure 15(a)(2) to file an amended complaint within the next 30 days. The amended complaint should

specifically state what happened between the time that Gale denied possessing anything illegal and the time that Robb searched Gale's pockets.  Did Robb ask any more questions during that time?  Did Robb ask for Gale's consent to search his pockets?  Did Robb order Gale to submit to a search?  Did Robb search anyone else first?  These are the sorts of details the Court needs so that it may evaluate whether Gale's claims have enough facial merit to justify referring Gale's case to the *Pro Bono* Panel.

## V.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Recommendation of the United States Magistrate Judge (ECF No. 29) is ADOPTED in its entirety;

2.    Robb's Motion to Dismiss (ECF No. 15) is GRANTED IN PART and DENIED IN PART as follows:

    a.    Gale's claim for harassment is DISMISSED WITH PREJUDICE, and

    b.    Gale's Motion to Dismiss is otherwise DENIED;

3.    The Clerk shall amend the caption to reflect that the Defendant's name is Jacob Robb, not "Robb Jacob";

4.    Should Gale wish to be considered for appointment of an attorney from the *Pro Bono* Panel, Gale is granted permission to file an amended complaint no later than April 4, 2016;[1]

---

[1] This order is not meant to limit Gale's ability to file an amended complaint for any other reason.  However, if Gale wishes to be considered for appointment of an attorney from the *Pro Bono* Panel anytime before trial, the Court must receive a sufficiently detailed amended complaint by the deadline stated above.

5.      The stay on discovery imposed by Order of the Magistrate Judge (ECF No. 28) is

hereby LIFTED.


Dated this 3rd day of March, 2016.

BY THE COURT:

William J. Martinez
United States District Judge